# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 7, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| PATRICIA MURRAY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-424V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Judgment on the |
| AND HUMAN SERVICES, | * | Record; Influenza ("Flu") Vaccine; |
| | * | Erythema Rash; Skin Condition. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

Carol L. Gallagher, Carol L. Gallagher, Esquire LLC, Somers Point, NJ, for petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On March 21, 2019, Patricia Murray ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of the influenza ("flu") vaccine administered on February 15, 2018, she suffered from "erythema rash/skin related injury, and/or aggravation of a pre-existing skin condition." Petition at Preamble (ECF No. 1). The information in the record, however, does not show entitlement to an award under the Program. Therefore, the petition must be dismissed.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

## I.   PROCEDURAL HISTORY

On March 21, 2019, petitioner filed her petition. Petition (ECF No. 1). Petitioner filed medical records and an affidavit from April to October 2019. Petitioner's Exhibits ("Pet. Exs.") 1-11. On April 10, 2020, respondent filed his Rule 4(c) Report, recommending against compensation. Respondent's Report ("Resp. Rept.") at 1 (ECF No. 25). Thereafter, additional records were filed from April to September 2020. Pet. Exs. 12-14.

On September 15, 2020, the undersigned ordered petitioner to file an expert report by November 16, 2020. Order dated Sept. 15, 2020 (ECF No. 37). On November 10, 2020, petitioner filed medical literature. Pet. Ex. 15. Petitioner did not file an expert report.

On November 16, 2020, petitioner moved for a judgment on the record. Pet. Motion for Judgment on the Existing Record ("Pet. Mot."), filed Nov. 16, 2020 (ECF No. 40). Petitioner argued that although no expert reports were filed in this case, "there is significant evidence to substantiate an exacerbation of a mostly quiescent psoriasis prior to the flu vaccine administration, which exacerbated within a couple of days of the [flu] vaccine." Id. at ¶ 19. Additionally, petitioner maintained that "there are genuine issues of material fact that warrant this case to remain in the vaccine forum and respectfully defer[ed] to a decision of the Special Master." Id. at ¶ 21. Petitioner noted that if entitlement is denied, petitioner intends to file a civil action against the vaccine administrator and/or manufacturer and file an election to preserve her civil actions. Id. at ¶¶ 23-24.

Respondent filed a response to petitioner's motion, recommending this case be dismissed because petitioner failed to provide preponderant evidence in support of her claim. Resp. Response to Pet. Mot. ("Resp. Response"), filed Nov. 30, 2020, at 7 (ECF No. 41). Respondent maintained that petitioner cannot satisfy the severity requirement under the Vaccine Act. Id. at 4. Even if petitioner can meet the severity requirement, respondent argued that petitioner cannot satisfy her burden under Althen. Id. at 4-6.

This matter is now ripe for adjudication.

## II.   ANALYSIS

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 11(c)(1), 13(a)(1)(A). The records submitted by petitioner show that she does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

The undersigned agrees with respondent that petitioner has failed to establish by preponderant evidence her burden of proof under Althen v. Secretary of Health & Human

Services, 418 F.3d 1274, 1280 (Fed. Cir. 2005) or Loving v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 135 (2009).  In this case, petitioner failed to provide an expert report in support of causation or significant aggravation.  The medical records and medical literature alone do not provide preponderant evidence.  Even though some medical providers suggested that petitioner's condition could have been due to her flu vaccination, these statements, along with the medical records and literature filed, do not provide preponderant evidence of causation or significant aggravation on their own.  Petitioner has not offered a sound and reliable theory establishing that the flu vaccine can and did cause petitioner's skin condition.

### III.   CONCLUSION

The undersigned has reviewed the medical records and all of the information in the record, and finds petitioner has failed to establish that she has sustained a vaccine-related injury by preponderant evidence.

Accordingly, in light of petitioner's motion, and based upon her review of the record, and petitioner's failure to file an expert report, the undersigned finds that petitioner is not entitled to compensation.  **Thus, this case is dismissed.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master